(Sasser v. Rouse, 13 Ired., 142; Lucas v. Nichols, 7 Jones, 33; cited and approved.)
The first allegation of the complaint sets forth at considerable length the burning of certain houses on 23 April, 1886. One of these houses was occupied partly as a dwelling, partly as a storehouse, and partly as a warehouse; one other was occupied as a dwelling, and one other as a store.
The second allegation is as follows:
"II. That on 24 April, 1886, at Goldsboro, North Carolina, as plaintiff is informed and believes, the defendant, in a conversation with one John H. Edgerton, in regard to the burning of said houses, in the presence and hearing of John H. Edgerton and divers other persons, maliciously spoke, of and concerning the plaintiff, the false and defamatory words following, viz.: "That damned scoundrel,'meaning plaintiff, *Page 45 
`knows all about it,' meaning the burning of said houses, `from beginning to end,' thereby intending falsely to charge plaintiff with having wilfully, wantonly and feloniously aided and abetted in setting fire to and burning said houses."
The following is section two of the answer:
"That he admits speaking the words set out in the several allegations of the complaint, but denies that said words were false and defamatory, and that they were spoken maliciously."
"He further denies that he intended by said words to charge (31) the plaintiff with having wilfully, wantonly and feloniously aided and abetted in setting fire to and burning said houses."
The issues, which were agreed upon, were as follows:
"I. Did the defendant, in using the words mentioned in the complaint, thereby intend to charge the plaintiff with having wilfully, wantonly and feloniously aided and abtted in setting fire to and burning the houses mentioned in the complaint, or either of them?
"II. Was such charge false?
"III. What damages has the plaintiff sustained?"
The plaintiff introduced testimony as to good character. He also read in evidence allegations one and two of the complaint. He also introduced section two of the answer, but proposed to read only down to the word "but," in the third line. The defendant insisted that he should read all of said section, as explanatory of the allegations of the complaint, which had been fully read to the jury. This the plaintiff declined to do, and the court ruled that he must read all of said section or none. To this ruling the plaintiff excepted. The plaintiff then read the whole of said section. The court stated that by reading it, the plaintiff did not make it his evidence so as to preclude him from denying any part of it.
The plaintiff then closed his case.
At this stage of the proceedings the defendant moved, on the evidence and pleadings, for a verdict:
1. Because the complaint did not set forth a cause of action.
2. Because on the whole evidence the plaintiff has not made out a case.
The court held that the complaint did not set forth a cause of action, and that upon the whole case the plaintiff was not entitled to recover.
The plaintiff moved for a new trial and it was granted by the court, which after consideration was of the opinion that it erred (32) in holding that the complaint did not set forth a cause of action, and that upon the whole case the plaintiff was not entitled to recover. From the order granting a new trial the defendant appealed. *Page 46 
We think the allegations contained in the complaint did constitute a cause of action. In Sasser v. Rouse, 13 Ired., 142, it is said that "although the words do not, in their ordinary meaning, import a slanderous charge, yet if they are susceptible of such a meaning, and the plaintiffavers a fact, from which it may be inferred that they were for the purpose of making the charge; upon proof of this averment, it should be left to the jury to say whether the defendant used the words in the sense imputed, and not in their ordinary sense." So in Lucas v. Nichols, 7 Jones, 33, it was held, that when the words used were ambiguous, admitting of a slanderous interpretation, it was proper for the judge to leave it to the jury to say, under the circumstances, what meaning was intended. We think the language used, the connection in which it was used, accompanied by the averments in the complaint, and the point given to it by the epithets used, entitled the plaintiff to have the issues passed upon by the jury, and the plaintiff was entitled to the new trial given.
There was no error in granting the new trial. Let this opinion be certified.
No error. Affirmed.
(33)